Dear Ms. Bennett:
You have requested an opinion of the Attorney General regarding the Louisiana Clerks' of Court Certification Program (the "Certification Program") found at R.S. 13:782(I)-(J), the Clerks' Supplemental Compensation Fund (the "Compensation Fund") found at R.S. 13:761 and the Clerks' annual base compensation provided for in R.S. 13:782(A). You state that a question has arisen regarding the interpretation of these statutory provisions as they relate to the calculation of the total annual salary for purposes of retirement contributions. You specifically ask whether the seven percent Certification Program increase should be applied against the base compensation contained in Section 782(A) or, alternatively, against the sum total of the base compensation and any salary supplements provided under Section 761.
Section 782(A), as amended by Act No. 9 of the 1997 Regular Session of the Louisiana Legislature provides for the annual compensation of Clerks as follows:
" § 782. Compensation of Clerks
 A. Clerks of district courts of the various parishes, Orleans Parish excepted, shall establish their own rates of annual compensation for their services, payable out of the Clerk's salary fund, which rate shall not exceed the following amounts based on the applicable population of the respective parishes, according to the latest United States census as follows:"
Section 761 creates the Supplemental Fund, and provides, in pertinent part, the following:
 " § 761. Clerks' Supplemental Compensation Fund; creation; sources of funds
 A. The Clerks' Supplemental Compensation Fund, hereinafter referred to as `the Fund', is hereby created. The proceeds from the fund shall be used solely and exclusively for salary supplements to clerks of court of the district court, which shall be in addition to any compensation otherwise authorized by law and which shall not be considered or included in the calculation of maximum compensation or minimum monthly compensation set forth in R.S. 13:782, and for necessary and associated administrative expenses."
Paragraph (I) of Section 782 establishes the Certification Program which is designed to provide opportunities to enhance professional development. Upon successful completion, each clerk is granted an increase in compensation pursuant to Section 782(J)(2)(b) which provides, in pertinent part, the following:
 ". . . the clerk shall be granted a seven percent increase in compensation to his annual salary as set forth in subsection (A) of this section." [Emphasis added.]
We believe the following legal principles of statutory construction to be applicable to the issue presented herein:
"R.S. 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word `shall' is mandatory and the word `may' is permissive.
 § 4. Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
 Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given their technical meaning when the law involves a technical matter."
As can be gleaned from the above, Section 782(J)(2)(b) unequivocally provides that the seven percent increase in compensation is to the Clerks' annual salary as set forth inSubsection (A) of said section. While the salary supplements provided for in Section 761(A) constitute an increase in compensation, it is in addition and/or supplemental to the annual base salary provided in Section 782(A). Section 761 clearly distinguishes it from compensation otherwise authorized by law and provides that the supplement shall not be considered or included in the calculation of the salary set forth in Section 782.
Accordingly, we find the language in Section 782(J)(2)(b) to be clear and free of ambiguity, thereby limiting the seven percent increase in compensation to the base compensation provided for in Section 782(A).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General